[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION
This matter originated as a paternity action[1] commenced February 5, 1994 by the plaintiff mother against the defendant pursuant to General Statutes § 46b-160. The petition alleges that the defendant is the father of a child London Anthony Kerr born October 23, 1993. The plaintiff was represented by private counsel. The defendant appeared pro se. On October 21, 1994, the court, Barall, J., entered judgment finding the defendant to be the father of the child, granting custody of London to the plaintiff mother, granting reasonable visitation to the defendant and ordering the defendant to pay $59.22 per week current support plus $15.17 per week on an arrearage found to be $3,154.56 in compliance with the child support guidelines and the agreement of the parties. The court ordered immediate income withholding.
On December 3, 1999 the Department of Social Services filed another paternity petition pursuant to its authority under General Statutes § 46b-162. The new petition seeks to establish the defendant as the father of Jordan Kerr born January 8, 1998 to the plaintiff. The State also filed a motion seeking to consolidate the matters into one file and to modify the support order. Trial was held on March 7, 2000 and this CT Page 7427 court entered judgment that the defendant is Jordan's father. The court also granted the State's motion to consolidate the files, which have now been merged in the above-captioned case. The defendant reported that he was not employed full-time. The court issued a seek work order and continued the case to May 7 for the defendant to obtain full employment, and to document his claims regarding other his children so their interests can be considered in the support computation.
On May 7 both parties were present in court and filed financial affidavits. The defendant now has adequate employment. He is employed as a driver and has gross income of $609.00 per week. He reports his net after taxes and payroll deductions to be $464.00. The plaintiff mother is also employed full time. Her gross weekly income is $754.00 with a reported net of $516.00.
The defendant father claims consideration for support obligations for three additional minor children. He has one child issue of his present marriage. He is entitled to a qualified child deduction for that child. Regs., Conn. State Agencies, § 46b-215a-2a (e)(1)(A).
The defendant claims he is the father of two other children born in the Co-operative Republic of Guyana. These children, Stacy Ann, born March 30, 1987, and Jermaine Anthony, born May 12, 1986 continue to reside in Guyana with their mother. Copies of their birth certificates are appended.
Stacy and Jermaine do not fit the definition of qualified child. For this deduction to be available to the defendant, the children must live in the same household as the defendant as their legal guardian, or, if not their legal guardian, they must have lived in the same household for six of the twelve months immediately preceding the determination. Regs., Conn. State Agencies, § 46b-215a-2a (e)(1)(A)(I). The court can not grant a qualified child deduction for these children.
The child support guidelines provide for a deduction from an obligor's gross income when determining a child support obligation for "court-ordered . . . child support awards for individuals not involved in the support determination." Regs., Conn. State Agencies § 46b-215a-1
(1)(F). Thus, a deduction is only allowed for court-ordered child support obligations. The defendant testified that he regularly sends $100.00 per month to support his children in Guyana. However he concedes that there is no court order for this obligation for his children in Guyana. If a court in Guyana has not entered a child support order for this obligor, then he would not be eligible for the deduction described above — even if he paid child support in the absence of such an order. CT Page 7428
In such a situation, the obligor may be entitled to a deviation under Regs., Conn. State Agencies § 46b-215a-3 (b)(4)(B) for "verified support payments made by a parent for his . . . dependent child not residing with such parent." Alternatively, he may be eligible for a deviation under § 46b-215a-3 (b)(6)(C) based on "[o]ther equitable factors." The threshold issue to warrant consideration for these deviations is whether the defendant can prove that he provides regular support and that he is legally obligated to support these children. The defendant testified that he regularly sends $100 monthly payments to Guyana for Stacy and Jermaine. The defendant apparently provided some receipts in the negotiation conference and neither the State nor the plaintiff contest this allegation. The court finds his testimony credible and finds as a matter of fact that he regularly sends such payments and that they are intended for support of the children.
Proof of a legal obligation is more difficult. The defendant never married the mother and there has not been a court adjudication of either child. The question rests upon whether there has been a procedure recognized in law analogous to our acknowledgment provisions by which the defendant is recognized as the father or otherwise has a legal obligation to support the children. The defendant relies on the birth certificates. These are not original documents but are certified from the original record on file in the General Register Office of Guyana.
Guyana law mandates that births be recorded in the General Register. Laws of Guyana, cap. 44:01 §§ 29, 32. In Guyana, typically both the father and the mother, even if unmarried go the hospital together for the birth of the child[2]. Subsequent to the birth, the father must acknowledge paternity by way of a birth certificate. The mother is not allowed to name the father unilaterally. This prevents the mother from providing false information as to the identity of the child's father. The birth certificate may issue only "at the joint request of the mother, and of the person who acknowledges himself to be the father, and the person shall in that case sign the register together with the mother." Laws of Guyana, cap. 44:01 § 31[3]. Thus father's name will not appear on the birth certificate unless he and the mother both appear before the registrar, declare that he is the father of the child and sign the register.
This procedure contains the essential elements of a formal acknowledgment procedure. Under principals of comity, this court recognizes its validity and recognizes the defendant as the father of Stacy and Jermaine. The duration of a child support obligation varies in Guyana depending on the gender of the child. If the child is a girl, then the obligation terminates at approximately 14 years of age. If the child CT Page 7429 is a boy, then the obligation terminates at approximately 16 years of age. Since neither child has reached the stated age threshold, the court will grant a deviation to the defendant for the regular support he provides to his children in Guyana.
The court also grants the State's motion to modify the support order. The addition of another child as well as substantial increases in the income of both parties since the original orders were set in 1994 amply satisfy the requirement of a substantial change of circumstances. In determining the support orders, the child support guidelines require that the court first state the presumptive amount required by the computation prior to considering any deviation. Regs., Conn. State Agencies, §46b-215a-3 (a). Applying the qualified child deduction on line 9 of the worksheet for the defendant's child at home reduces his net income on line 11 to $399.00. The guidelines computation submitted by the Department of Social Services is appended herewith and found to be substantially correct. The presumptive current support order is $128.00 per week. In determining the effect of the deviation granted for support provided to the children in Guyana, the court has considered the effect of the child support guidelines were a line 9 deduction allowed for these payments and equitable considerations. Accordingly, the defendant is ordered to pay $114.83 per week unallocated current support for the two minor children plus $15.17 on the arrearage, making a total payable order of $130.00 per week. The order is effective June 4, 2000. As required by General Statutes §§ 46b-231 (r) and 52-362, immediate income withholding is ordered[4].
The child support guidelines now require the court to provide an order for medical and dental insurance coverage. Regs., Conn. State Agencies, § 46b-215a-2a (g)(1). Accordingly, each parent is ordered to provide medical and dental insurance for the benefit of the minor children as available at reasonable cost on a group basis through an employer or union. The provisions of General Statutes § 46b-84 (e) are incorporated, and each parent is provided to provide the other parent and the State verification of such insurance on or before July 4, 2000 and thereafter within 30 days of a reasonable request. The plaintiff is ordered to certify this order to any disclosed insurance carrier.
The child support guidelines also require this court to order payment of the children's "medical and dental expenses that are not covered by insurance or reimbursed in any other manner." Regs., Conn. State Agencies, § 46b-215a-2a (g)(3). The guidelines call for recomputation of the parties' respective net incomes by adjusting the same for the amount of the support order, arriving at an adjusted "net disposable income". However, having deviated as to the current support order the court will also deviate on the contribution to unreimbursed CT Page 7430 medical costs. The defendant is ordered to pay 30% and plaintiff is ordered to pay 70% of any unreimbursed or uninsured medical or dental costs[5].
The child support guidelines now also require the court to make an order regarding a contribution by the noncustodial parent to child care costs. Regs., Conn. State Agencies, § 46b-215a-2a (h). Similar to the unreimbursed medical costs, this element is computed based on the decimal share[6] of the combined adjusted net disposable income on line 24 of the worksheet. Unlike the unreimbursed medical cost order, which applies to both parents, the child care contribution is payable only by the noncustodial parent. Regs., Conn. State Agencies, § 46b-215a-2a (h) (2)(B)(i); Lopes v. Grant, 13 S.M.D. 149, 152. Accordingly, the defendant father is ordered to pay 30% of any qualified child care costs.
The defendant is ordered to pay the current support and arrearage order to the State of Connecticut as they may direct. The arrearage portion of the order is allocated to the plaintiff except when she is owed no arrearage, in which event it shall apply to the State's arrearage. Regs., Conn. State Agencies, § 46b-215a-4a (b)(2). The arrearage order shall apply against any arrearage, past, present or future, unless modified or terminated by court order or discharge of all support obligations by the defendant.
Judgment is entered accordingly. Costs are awarded to the State in the amount of $37.50 The State may at its discretion apply the periodic arrearage payment to reimburse itself its costs.
 BY THE COURT Harris T. Lifshitz Family Support Magistrate